■ Roy M. Cohn, Appellant, v. Lionel Corporation, Respondent.— Order and judgment affirmed, with $50 costs and disbursements to the respondent. The agreement by which plaintiff agreed to purchase stock of defendant corporation at a specified price if put to him by Steinthal was not a guarantee of any obligation of defendant. It did not undertake to make any payment or perform any act which defendant was obligated to do either by agreement with Steinthal or otherwise. In fact, plaintiff obligated himself to do something which defendant expressly refused to do and which Steinthal would not have accepted defendant's promise to perform. Defendant could not have undertaken the obligation unless it would have had a sufficient surplus at the time of the put. Absent any agreement to reimburse plaintiff for any loss that he might suffer, and absent any legal duty to assume such obligation, no cause of action is stated. Concur — Steuer, J. P., Capozzoli and Witmer, JJ.; Tilzer, J., dissents in the following memorandum: I dissent. The fact that paragraph 9 of the complaint alleges the reason why the defendant corporation itself could not give any further guarantee does not compel the conclusion at this stage of the action, if liberal construction of pleadings is to have any meaning, that the plaintiff is precluded from recovering from the corporation for the liability which he was requested to assume to enable the corporation to consummate its transaction. The nature of plaintiff's cause and the identity of the transactions sought to be litigated are sufficiently pleaded to meet the defendant's attack directed toward plaintiff's third cause of action by motion under CPLR 3211 (subd. [a], par. 7). Accordingly, I would modify the order and judgment to the extent appealed from, by denying the defendant's motion addressed to the third cause of action.